IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| **JOSE PAUL BRIONES, Jr., an individual;** | |
| **Plaintiff,** | |
| **v.** | **Case No.:** _____ |
| **TAURUS INTERNATIONAL MANUFACTURING, INC. and TAURUS HOLDINGS, INC.;** | |
| **Defendants.** | |

## COMPLAINT

The Plaintiff, Jose Paul Briones, Jr., brings this Complaint against the Defendants, Taurus International Manufacturing, Inc. ("TIMI") and Taurus Holdings, Inc. ("Taurus Holdings"), collectively, the "Taurus Defendants," and for his cause of action states the following:

## **PARTIES**

1.      The Plaintiff, Jose Paul Briones, Jr. is over the age of 21 and at all times pertinent to this Complaint and is a resident citizen of Tarrant County, Texas.

2.      Defendant Taurus International Manufacturing, Inc. ("TIMI") and Defendant Taurus Holdings, Inc. ("Taurus Holdings") (collectively "Taurus

Defendants") are Georgia corporations now located in Bainbridge, Georgia. Defendant Taurus Holdings is the one hundred percent stockholder of Defendant TIMI and they are both in the business of designing, engineering, manufacturing, testing, inspecting, marketing, importing, distributing, supplying, and/or selling firearms. The Taurus Defendants were responsible for designing, engineering, manufacturing, testing, inspecting, marketing, importing, distributing, supplying, and/or selling the pistol, which is the subject of Plaintiff's Complaint.

3.    The Defendants are so intertwined contractually for each other's liabilities that they are essentially one entity regarding the allegations in this Complaint. For example, many individuals who work on designing, manufacturing, engineering, testing, inspecting, marketing, importing, distributing, supplying, and/or selling Taurus pistols, including the pistol that is the subject of this suit, are employees of both TIMI and Taurus Holdings. Moreover, they are each included as either insureds or additional insureds on the same insurance policies that would provide coverage for the claims alleged in this Complaint.

## JURISDICTION AND VENUE

4.    This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) in that Plaintiff and Defendants are citizens of different states and because the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5.   Venue is proper under 28 U.S.C § 1391(b)(2). The event that caused Jose Paul Briones, Jr.'s injuries, prompting this lawsuit for which the defendants are liable.

## INTRODUCTION

6.   Jose Paul Briones, Jr. was seriously injured on August 8, 2023, after his semi-automatic 9mm pistol, a Taurus GX4 model, serial number: 1GA83766, ("Briones' pistol"), discharged unintentionally due to a safety defect after falling and striking the ground. Briones' pistol was unreasonably dangerous and unfit for its intended use. It has a safety defect in which the trigger moves rearward when the pistol is subjected to an impact or dropped, which is referred to as a "Drop-Fire Defect" or "Safety Defect." The Drop-Fire Defect results in pistols of the type and model described here, including Briones' pistol, firing unexpectedly and against the intentions of the pistol's handler.

7.   Dani Briones purchased the Taurus GX4 pistol new from the store on December 11, 2022. Notably, the firearm was purchased seven (7) months prior to unintentional discharge.  The Taurus Defendants currently market and sell the subject model pistol in the United States market. (See https://www.taurususa.com/pistols/taurus-gx4).

8.   In filing this lawsuit, Jose Paul Briones, Jr., does not wish or intend to disparage the right to bear arms as guaranteed by the Second Amendment. Rather,

he seeks to hold the Taurus Defendants accountable for their actions in designing, engineering, manufacturing, marketing, importing, distributing, selling, and/or failing to test and inspect the subject pistol, in addition to misrepresenting facts about the safety of his pistol, which is defective and unreasonably dangerous as described in this Complaint. Instead of impinging upon the Second Amendment, this lawsuit is brought by an individual who lawfully exercised his Second Amendment right to bear arms.

9.    Jose Paul Briones, Jr.'s, pistol is defective and unreasonably dangerous to any subsequent owners because the Safety Defect will not prevent—and indeed did not prevent—the unintended discharge of pistols such as Briones' pistol. This Safety Defect resulted in serious injuries to Jose Paul Briones, Jr., due to the inadequate design, manufacturing, testing, and/or inspecting of the subject pistol, and the continued failure of the Taurus Defendants to remedy the Safety Defect.

10.    Despite actual knowledge of the Safety Defect, the Taurus Defendants never remedied the Safety Defect and never issued an effective and complete warning to the public or recall of Briones' pistol prior to the time the Taurus Defendants distributed it. In fact, prior to distribution of Briones' pistol, the Taurus Defendants continued to falsely represent to the public, including Jose Paul Briones, Jr., that the subject pistol was safe and reliable despite their knowledge of the Safety Defect and that individuals had been seriously injured as a result of the Safety

4

Defect.

11.    The Taurus Defendants had a duty to disclose and warn Jose Paul Briones, Jr. truthfully and accurately of the defect and not to conceal or misrepresent the risks attendant with the Safety Defect. Notwithstanding this duty, and in violation thereof, the Taurus Defendants carelessly and negligently failed to disclose and warn Jose Paul Briones, Jr. of the truth about her pistol and the Safety Defect associated with it.

12.    The Taurus Defendants fraudulently concealed and intentionally failed to warn Jose Paul Briones, Jr. of the Safety Defect with the intent to deceive Jose Paul Briones, Jr. and the general public about the Safety Defect. The Taurus Defendants falsely and fraudulently represented to Jose Paul Briones, Jr. that the subject pistol was safe for normal and intended use when, in fact, Briones' pistol was not safe for normal and intended use.

13.    The Taurus Defendants conspired among themselves and with others to conceal from the public Jose Paul Briones, Jr. the Safety Defect.  The Taurus Defendants also conspired among themselves and with others in efforts to understate or misrepresent the nature of the risk created by the Safety Defect.

14.    The Safety Defect is a latent defect, and Briones' pistol was defective in a way that would not be apparent to the Plaintiff and the public.

## **FACTS**

15.     Taurus Armas, S.A. (formally known as Forjas Taurus, S.A.) has been producing small arms in Brazil since 1941.  In 1968, Taurus Armas, S.A. began to venture in the United States market with limited success.  Accordingly, in 1982, Taurus Armas, S.A. opened an affiliated United States company in Miami-Dade County, Defendant Taurus International Manufacturing, Inc.  However, when TIMI began distributing and selling its pistols here in the United States, it considered its brand of firearms to be an unknown commodity in the United States.  Accordingly, in 1984, the Taurus Defendants began offering an Unlimited Lifetime Repair Policy on all its pistols.  That Unlimited Lifetime Repair Policy applied to the subject pistol as well.

16.     On December 11, 2022, Dani Briones purchased the subject Taurus GX4 pistol from Cowtown Firearms, LLC, in Fort Worth, TX.  Jose carried the pistol for personal protection. The subject Taurus GX4 pistol was kept in the holster.

17.     On August 8, 2023, Jose Paul Briones, Jr. visited the Harley Davidson dealership in Fort Worth, TX.  While in the restroom, the Taurus GX4 pistol slipped from his belt and fell to the floor.  When the subject pistol hit the floor, it fired while in the holster, and the bullet struck Jose's lower right leg.

18.     Jose Paul Briones, Jr. was fifty-six (56) years old at the time of the drop-fire.  Because of this incident, he suffered serious, life-threatening injuries that

resulted in medical treatment.

19.    Significantly, the Taurus pistol caused permanent injuries to Jose. He continues to have pain in his right leg which significantly affects his ability to walk. After months of medical treatment and physical therapy, these issues have not resolved, and they are expected to continue.  Given Jose's age, the permanency of his injuries is a significant non-economic category of damages that he will experience for the rest of his life.

## COUNT ONE
## NEGLIGENCE

20.    Negligence is the failure to use reasonable care, which is the care that a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor, and/or supplier of firearms would use under like circumstances.

21.    Negligence in the instant matter is designing, engineering, manufacturing, marketing, selling, importing, distributing, supplying, testing, and/or inspecting a firearm product in a manner that a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor and/or supplier would not do under like circumstances or failing to do something that a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor and/or supplier would do under like circumstances.

22.    The Taurus Defendants failed to use the reasonable care that a

reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor, and/or supplier would have used under like circumstances.

23.    The Taurus Defendants negligently breached their duties of care to the Briones in one or more of the following ways:

a.    Failing to use and apply good, safe, usual, prevailing, and reasonable principles and standards in designing, engineering, manufacturing, marketing, selling, importing, distributing, supplying, testing, and/or inspecting Briones' pistol;

b.    Failing to take adequate corrective action or preventive action;

c.    Failing to maintain proper records and data of incidents, complaints, malfunctions, inspections and testing;

d.    Failing to create and provide clear operational and safety instructions, manuals, warnings, and literature;

e.    Failing to warn Jose Paul Briones, Jr. and the public of the Safety Defect;

f.    Failing to warn Jose Paul Briones, Jr. and the public that the Taurus Defendants did not inspect or test the pistols before the pistols were distributed;

g.    Failing to warn of all the above; and

h.    Other acts of negligence to be determined through discovery.

24.    The Taurus Defendants' conduct as described in this Complaint was inconsistent with what a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor, and/or supplier of firearms would have done under like circumstances, or the Taurus Defendants failed to do what a reasonably careful designer, engineer, manufacturer, marketer, seller, importer, distributor

and/or supplier would do under like circumstances.

25.    The Taurus Defendants' negligence was the proximate cause of Jose Paul Briones, Jr.'s severe personal injuries, pain, disfigurement, disability and loss of capacity for enjoyment of life, of the medical expenses requires for his case and treatment now and in the future; and any and all other damages allowable by law. The Taurus Defendants are liable for all injuries, damages and losses that resulted from their negligence.

WHEREFORE, Plaintiff demands judgment against the Taurus Defendants for any and all damages available under the law, plus costs, and demands trial by jury of all issues so triable.

## COUNT TWO
## BREACH OF EXPRESS WARRANTY

26.    A product is defective if it does not conform to representations of fact made by the Defendants, orally or in writing, in connection with the transaction on which Jose Paul Briones, Jr., relied in the use of the product.

27.    The Taurus Defendants made specific representations of fact in writing in their Instruction Manual and "Limited Warranty," which are written documents provided with their pistols and/or which are also published on the USA public website of Defendant TIMI. These documents form part of the basis of the bargain between the Taurus Defendants and Jose Paul Briones, Jr.  These documents were

specifically provided to Jose Paul Briones, Jr.  Each of the representations of fact contained therein is a separate and independent express warranty made to the Plaintiff.

28.    The representations of fact made to Jose Paul Briones, Jr. and set forth in the Taurus Manual include the following: (a) that "[y]our firearm comes equipped with an effective, well-designed safety device;" (b) the "Taurus pistols were manufactured to perform properly with the original parts as designed;" (c) that the Trigger Safety "device is designed to preclude the backward movement of the trigger bar so as to prevent an accidental discharge in case the firearm is dropped" and "[t]he system is disengaged when the trigger is pulled to the rear;" (d) the Firing Pin Block is "designed to prevent the firing pin from going forward and striking the primer [and] is engaged until the trigger is in its final rearward position;" (e) the Firing Pin Block "is designed to preclude an accidental discharge should the firearm be dropped;" (f) "Before shipment, your firearm was carefully inspected and test fired in order to ensure that it conformed to our specifications and standards." Moreover, the representations of fact made to Jose Paul Briones, Jr. in the "Limited Warranty" were that "[h]andguns manufactured by Taurus are warranted to be free from defects in material and workmanship."

29.    The Taurus Defendants breached these express warranties by not providing a product to Jose Paul Briones, Jr. that conformed to these representations

of fact.

30.   As a proximate cause of the Taurus Defendants' breach of express warranties, Jose Paul Briones, Jr. was severely injured.

WHEREFORE, Plaintiff demands judgment against the Taurus Defendants for any and all damages available under the law, plus costs, and demands trial by jury of all issues so triable.

## COUNT THREE
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

31.   A product is defective if it is not reasonably fit for either the uses intended or the uses reasonably foreseeable by the Taurus Defendants.

32.   Briones' pistol was not reasonably fit for either the uses intended or the uses reasonably foreseeable by the Taurus Defendants due to the Safety Defect.

33.   The Taurus Defendants were on notice of the breach of implied warranties at the time Briones' pistol was manufactured, marketed, sold, imported, distributed, and/or supplied by them. The Taurus Defendants knew, or should have known, about the Safety Defect at the time Briones' pistol was designed, engineered, manufactured, marketed, sold, imported, distributed, and/or supplied by them.

34.   As a proximate result of the Taurus Defendants' breach of implied warranties of merchantability, Jose Paul Briones, Jr. was severely injured.

WHEREFORE, Plaintiff demands judgment against the Taurus Defendants

for any and all damages available under the law, plus costs, and demands trial by jury of all issues so triable.

## COUNT FOUR
## STRICT LIABILITY – MANUFACTURING DEFECT

35.    Any marketer, seller, importer, distributor, and/or supplier in the chain of distribution is liable for injury caused by a defective product. The Taurus Defendants were the manufacturers in the chain of distribution of Briones' pistol and are, therefore, liable for the injuries caused to Jose Paul Briones, Jr. by the defective pistol.

36.    A product is defective because of a manufacturing defect if it is in a condition unreasonably dangerous to the user and the product is expected to and does reach the user without substantial change affecting that condition.

37.    A product is unreasonably dangerous because of a manufacturing defect if it is different from its intended design and fails to perform as safely as the intended design would have performed.

38.    A product is defective if unreasonably dangerous even if the Defendants have exercised all possible care in the preparation and sale of the product.

39.    Briones' pistol is defective because of the manufacturing defect (i.e., the Drop-Fire Defect) as it was different from its intended design and failed to perform as safely as the intended design would have performed.  Briones' pistol was

expected to and did reach Briones, Jr. without substantial change affecting that condition.

40.    The manufacturing defect (i.e., Drop-Fire Defect) was the proximate cause of Jose Paul Briones, Jr.'s injuries.

41.    The Taurus Defendants are strictly liable for all injuries, damages, and losses that resulted from the manufacturing defect of Briones' pistol.

WHEREFORE, Plaintiff demands judgment against the Taurus Defendants for any and all damages available under the law, plus costs, and demands trial by jury of all issues so triable.

## COUNT FIVE
## STRICT LIABILITY – DESIGN DEFECT

42.    Any marketer, seller, importer, distributor, and/or supplier in the chain of distribution is liable for injury caused by a defective product. The Taurus Defendants were the designers in the chain of distribution of Briones' pistol and are, therefore, liable for the injuries caused to Jose Paul Briones, Jr. by the defective pistol.

43.    A product is defective because of a design defect if it is in a condition unreasonably dangerous to the user and the product is expected to and does reach the user without substantial change affecting that condition.

44.    A product is unreasonably dangerous because of its design if the

product fails to perform as safely as an ordinary consumer would expect when used as intended or when used in a manner reasonably foreseeable by the defendants, or alternatively, the risk of danger in the design outweighs the benefits.

45.     A product is defective if unreasonably dangerous even if the Defendants have exercised all possible care in the preparation and sale of the product.

46.     Briones' pistol is defective because of the design defect (i.e., the Drop-Fire Defect) and was in a condition unreasonably dangerous to Jose Paul Briones, Jr.  Briones' pistol was expected to and did reach him without substantial change affecting that condition.

47.     The design defect (i.e., the Drop-Fire Defect) was the proximate cause of Jose Paul Briones, Jr.'s injuries.

48.     The Taurus Defendants are, therefore, strictly liable for all injuries, damages, and losses that resulted from the design defect of Briones' pistol.

WHEREFORE, Plaintiff demands judgment against the Taurus Defendants for any and all damages available under the law, plus costs, and demands trial by jury of all issues so triable.

## COUNT SIX
## STRICT LIABILITY FAILURE TO WARN

49.     A product is defective when the foreseeable risks of harm from the product could have been reduced or avoided by providing reasonable instructions or

warnings, and the failure to provide those instructions or warnings makes the product unreasonably dangerous.

50.    A product is defective if unreasonably dangerous even if the Defendants have exercised all possible care in the preparation and sale of the product.

51.    The foreseeable risks of harm from a drop-fire could have been reduced or avoided if the Taurus Defendants had provided reasonable instructions or warnings, and the Taurus Defendants' failure to provide these instructions or warnings renders Jose Paul Briones, Jr.'s pistol defective.

52.    The Taurus Defendants had the opportunity to warn Jose Paul Briones, Jr. about the Drop-Fire Defect upon his original purchase.  They failed to do so.

53.    The failure to warn was the proximate cause of Jose Paul Briones, Jr.'s injuries.

54.    The Taurus Defendants are strictly liable for all injuries, damages, and losses that resulted from their failure to warn Jose Paul Briones, Jr. about the Drop-Fire Defect.

WHEREFORE, Plaintiff demands judgment against the Taurus Defendants for any and all damages available under the law, plus costs, and demands trial by jury of all issues so triable.

## COUNT SEVEN
## NEGLIGENT MISREPRESENTATION

55.    The Taurus Defendants, in the Taurus Manual for Briones' pistol, made

representations of fact to Briones.  These include the following:

     a.  that "[y]our firearm comes equipped with an effective, well-designed
        safety device;"

     b.  the "Taurus pistols were manufactured to perform properly with the
        original parts as designed;"

     c.  that the Trigger Safety "device is designed to preclude the backward
        movement of the trigger bar so as to prevent an accidental discharge in
        case the firearm is dropped" and "[t]he system is disengaged when the
        trigger is pulled to the rear;"

     d.  the Firing Pin Block is "designed to prevent the firing pin from going
        forward and striking the primer [and] is engaged until the trigger is in
        its final rearward position;"

     e.  the Firing Pin Block "is designed to preclude an accidental discharge
        should the firearm be dropped;"

     f.  "Before shipment, your firearm was carefully inspected and test-fired
        in order to ensure that it conformed to our specifications and standards."

56.    Moreover, in the Limited Warranty, the Taurus Defendants made the

further representation of fact that "[h]andguns manufactured by Taurus are

warranted to be free from defects in material and workmanship."

57.    These statements by the Taurus Defendants concerned material facts

that they believed to be true, but which were, in fact, false.  The Taurus Defendants

were negligent in making the statements because they should have known the

16

statements were false, and in making the statements, they intended or expected that another would rely on the statements.

58.    Jose Paul Briones, Jr. justifiably relied on the false statements by purchasing, retaining, repairing, carrying, and using the subject pistol.  Thus, these statements were the proximate caused Jose Paul Briones, Jr.'s injuries.

59.    The Taurus Defendants' negligent misrepresentations were the proximate cause of Jose Paul Briones, Jr.'s injuries.

60.    The Taurus Defendants are liable for all injuries, damages, and losses that resulted from their negligent misrepresentations.

WHEREFORE, Plaintiff demands judgment against the Taurus Defendants for any and all damages available under the law, plus costs, and demands trial by jury of all issues so triable.

## COUNT EIGHT
## VICARIOUS LIABILITY (ACTUAL AGENCY)

61.    At all times material to the allegations and claims in this Complaint, Defendant Taurus Holdings acted as principal to Defendant TIMI, as it was the 100% owner of Defendant TIMI and exercised and/or retained the right to exercise extensive and continuous control over Defendant TIMI.

62.    At all times material to the allegations and claims in this Complaint, Defendant TIMI was an agent of Defendant Taurus Holdings, as it acted on behalf

of and/or under the control of Defendant Taurus Holdings.

63.    As detailed in the preceding paragraphs, Defendant TIMI breached its duty of care to Jose Paul Briones, Jr. in numerous ways.

64.    As a proximate result of the acts or omissions of Defendant TIMI set out in the paragraphs above, Jose Paul Briones, Jr. was injured.

65.    Because of its extensive and continuous control over Defendant TIMI, Defendant Taurus Holdings is vicariously liable for all injuries, damages, and losses that resulted from the aforementioned acts or omissions of Defendant TIMI.

WHEREFORE, Plaintiff demands judgment against the Taurus Defendants for any and all damages available under the law, plus costs, and demands trial by jury of all issues so triable.

## COUNT NINE
## VICARIOUS LIABILITY (APPARENT AGENCY)

66.    At all times material to the allegations and claims in this Complaint, Defendant Taurus Holdings acted as principal to Defendant TIMI, as it was the 100% owner of Defendant TIMI and exercised and/or retained the right to exercise extensive and continuous control over Defendant TIMI.

67.    At all times material to the allegations and claims in this Complaint, Defendant Taurus Holdings has held out Defendant TIMI as its subsidiary and/or as one of its family of firearms brands and as its apparent agent in several ways

including, but not limited to, the following, at all times material hereto:

    a. Taurus Holdings lists TIMI among its associated brands of firearms on its website (https://www.taurususa.com/company/about-taurus-holdings-inc);

    b. Taurus Holdings and TIMI shared offices for years;

    c. Bret Vorhees serves as the CEO of both Taurus Holdings and TIMI;

    d. At least some employees or agents who work on designing, manufacturing, engineering, testing, inspecting, marketing, importing, distributing, supplying, and/or selling Taurus pistols, including the pistol that is the subject of this suit, are employees of both TIMI and Taurus Holdings.

    e. Taurus Holdings and TIMI are each included as either insureds or additional insureds on the same insurance policies that would provide coverage for the claims alleged in this Complaint.

    f. Taurus Holdings and TIMI are so intertwined contractually for each other's liabilities that they are essentially one entity.

68. At all times material, the facts outlined above were made known to the public, including the Plaintiff, intentionally and/or by lack of reasonable care.

69. As a result of the numerous and pervasive facts outlined above, the Briones had a reasonable belief that Defendant TIMI had the authority to operate on behalf of, and for the benefit of, Taurus Holdings.

70. As a further result of the numerous and pervasive facts of agency outlined above, the Plaintiff had a reasonable belief that Defendant Taurus Holdings exercised and/or retained the right to exercise extensive and continuous control over Defendant TIMI.

71.    As detailed in the preceding paragraphs, Defendant TIMI breached its duty of care to Jose Paul Briones, Jr. in numerous ways.

72.    As a proximate result of the aforementioned acts or omission of Defendant TIMI, Jose Paul Briones, Jr. was injured.

73.    Because of the numerous and pervasive facts of the agency outlined above, Defendant Taurus Holdings is vicariously liable for all injuries, damages, and losses that resulted from the aforementioned acts or omissions of Defendant TIMI.

WHEREFORE, Plaintiff demands judgment against the Taurus Defendants for any and all damages available under the law, plus costs, and demands trial by jury of all issues so triable.

## COUNT TEN
## VICARIOUS LIABILITY (JOINT VENTURE)

74.    At all times material to the allegations and claims in this Complaint, Defendant Taurus Holdings acted as principal to Defendant TIMI, as it was the 100% owner of Defendant TIMI and exercised and/or retained the right to exercise extensive and continuous control over Defendant TIMI.

75.    As a result of Defendant Taurus Holdings' ownership of Defendant TIMI, at all times material to the allegations and claims in this Complaint, Defendant Taurus Holdings and Defendant TIMI were engaged in a joint venture in the manufacture and sale of firearms, with a joint control or joint right of control over

the manufacture and sale of firearms, a joint proprietary interest over the manufacture and sale of firearms, a joint right to share in the profits from the manufacture and sale of firearms, and a joint duty to share in the losses from the manufacture and sale of firearms.

76.    As detailed in the preceding paragraphs, Defendant TIMI breached its duty of care to Jose Paul Briones, Jr. in numerous ways.

77.    As a proximate result of the aforementioned acts or omissions of Defendant TIMI, Jose Paul Briones, Jr. was injured.

78.    Because of its joint venture with Defendant TIMI, Defendant Taurus Holdings is vicariously liable for all injuries, damages, and losses that resulted from the aforementioned acts or omissions of Defendant TIMI.

WHEREFORE, Plaintiff demands judgment against the Taurus Defendants for any and all damages available under the law, plus costs, and demands trial by jury of all issues so triable.

## **COMBINING AND CONCURRING CONDUCT**

79.    The conduct of the Defendants as described in this Complaint combined and concurred to cause Jose Paul Briones, Jr.'s injuries.

WHEREFORE, Plaintiff demands judgment against the Taurus Defendants for any and all damages available under the law, plus costs, and demands trial by jury of all issues so triable.

## <u>DEMAND FOR JURY TRIAL</u>

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL CLAIMS

SO TRIABLE.

*/s/ Christina D. Crow*
Christina D. Crow (198370)
JINKS CROW, PC
219 North Prairie Street
Union Springs, Alabama 36089
Phone: (334) 738-4225
Fax: (334) 738-4229
christy.crow@jinkscrow.com

*/s/  M. Todd Wheeles*
M. Todd Wheeles (PHV to be filed)
Mathew G. Garmon (PHV to be filed)
WHEELES & GARMON, LLP
5000 Southlake Park, Suite 150
Birmingham, Alabama 35244
Phone: (205) 593-4934
todd@wheelesgarmonattorneys.com
matt@wheelesgarmonattorneys.com

*/s/ J.R. "Rusty" Phoenix*
J. R. "Rusty" Phenix (PHV To Be Filed)
PHENIX & CRUMP, PLLC
118 South Main Street
P.O. Drawer 1005
Henderson, Texas 75653-1005
Phone: (903) 657-3595
Fax: (903) 657-3598
rusty@phenixlawfirm.com

**<u>DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:</u>**

**TAURUS INTERNATIONAL MANUFACTURING, INC.**
**c/o Thomas Conger, Registered Agent**
**218 E. Water Street**
**Bainbridge, GA 39817**

**TAURUS HOLDINGS, INC.**
**c/o Thomas Conger, Registered Agent**
**218 E. Water Street**
**Bainbridge, GA 39817**