**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

JOSE PAUL BRIONES, JR.,          :
                               :
        Plaintiff,             :
                               :
v.                              :      CASE NO.: 1:24-CV-82 (LAG)
                               :
TAURUS INTERNATIONAL      :
MANUFACTURING, INC., and     :
TAURUS HOLDINGS, INC.,        :
                               :
        Defendants.          :
_____ :

## <u>ORDER</u>

Before the Court is Defendants' Motion to Dismiss the Complaint (Motion to Dismiss). (Doc. 10). For the reasons below, Defendants' Motion to Dismiss is **GRANTED in part and DENIED in part**.

## BACKGROUND

This is a products liability action regarding a handgun manufactured by Defendants Taurus International Manufacturing Inc. (TIMI) and Taurus Holdings Inc. (Taurus Holdings). (Doc. 1). On June 7, 2024, Plaintiff Jose Paul Briones, Jr. filed a Complaint against Defendants pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). (*Id.*). Plaintiff's Complaint alleges that Plaintiff "was seriously injured on August 8, 2023, after his semi-automatic 9mm pistol, a Taurus GX4 model, serial number: 1GA83766 [], discharged unintentionally due to a safety defect after falling and striking the ground." (*Id.* ¶ 6). Plaintiff alleges that the pistol was "unreasonably dangerous and unfit for its intended use" because "[i]t has a safety defect in which the trigger moves rearward when the pistol is subjected to an impact or dropped[.]" (*Id.*).

Plaintiff brings claims for (1) Negligence (Count I); (2) Breach of Express Warranty (Count II); (3) Breach of Implied Warranty of Merchantability (Count III); (4) Strict Liability – Manufacturing Defect (Count IV); (5) Strict Liability – Design Defect (Count

V); (6) Strict Liability – Failure to Warn (Count VI); (7) Negligent Misrepresentation (Count VII); (8) Vicarious Liability – Actual Agency (Count VIII); (9) Vicarious Liability – Apparent Agency (Count IX); and (10) Vicarious Liability – Joint Venture (Count X). (*Id.* ¶¶ 20–78). Plaintiff also includes a bolded, unnumbered heading in the Complaint titled "Combining and Concurring Conduct[.]" (*Id.* at 21 (emphasis omitted)). On October 22, 2024, Defendants filed a Motion to Dismiss. (Doc. 10). Therein, Defendants argue that Plaintiff's Complaint (1) "fails to state a strict-liability claim for design defect, [and] . . . negligent misrepresentation" under Texas law, and (2) "fails to state any legally cognizable claim against [Defendant Taurus] Holdings." (Doc. 10-1 at 1). Plaintiff responded on November 12, 2024. (Doc. 16). Defendants replied on November 25, 2024. (Doc. 17). The Motion to Dismiss is now ripe for review. *See* M.D. Ga. L.R. 7.3.1(A).

<h2 style="text-align:center">LEGAL STANDARD</h2>

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face if the complaint alleges enough facts to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). A complaint must plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" of the defendant's liability. *Twombly*, 550 U.S. at 556. The Court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs[,]" but the same liberal reading does not apply to legal conclusions. *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (citations omitted). "[A] plaintiff armed with nothing more than conclusions" cannot "unlock the doors of discovery[.]" *Iqbal*, 556 U.S. at 678–79. Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

**DISCUSSION**

### I.    Collective Liability

Defendants move to dismiss all claims against Defendant Taurus Holdings arguing that "Plaintiff hardly alleges any factual allegations that are specific to [Defendant Taurus] Holdings, and fails to allege any specific actions by [Defendant Taurus] Holdings in connection with the Subject Pistol." (Doc. 10-1 at 9). Plaintiff argues that "Defendants are referred to jointly because of their intertwined nature." (Doc. 16 at 5). Plaintiff's claims do not fail to specify how Defendant Taurus Holdings is responsible—they simply allege that Defendant TIMI and Defendant Taurus Holdings are equally liable. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). Whether Defendant Taurus Holdings is indeed liable for its subsidiaries' (TIMI's) conduct is "a question of the merits of [Plaintiff's] case, to be determined at a later stage in the litigation and after discovery." *Blevins-Ellington v. CooperSurgical, Inc.*, No. 1:22-CV-00197-LMM, 2023 WL 2111346, at *11 (N.D. Ga. Jan. 17, 2023). For purposes of pleading, however, Plaintiff adequately has alleged a theory of collective liability.

### II.    Tort Claims

Defendants argue that (1) Count V should be dismissed because the Complaint does not allege a safer design alternative as required under Texas law, and (2) Count VII fails as a matter of law and should be dismissed with prejudice because the cause of action does not exist under Texas law. (Doc. 10-1 at 5–7).

 "As the Court's jurisdiction in this matter is based on diversity of citizenship, the Court must apply the choice of law rules of the forum state—Georgia." *Elder v. Reliance Worldwide Corp.*, 563 F. Supp. 3d 1221, 1230 (N.D. Ga. 2021) (citing *U.S. Fid. & Guar. Co. v. Liberty Surplus Ins. Corp.*, 550 F.3d 1031, 1033 (11th Cir. 2008)). "The Georgia conflicts of law rule governing tort actions is *lex loci delicti*, or the place of the wrong." *In re Tri-State Crematory Litig.*, 215 F.R.D. 660, 678 (N.D. Ga. 2003) (citing *Velten v. Lippert*, 985 F.2d 1515, 1521 (11th Cir. 1993)). "The place of the wrong is the jurisdiction where the harm was suffered or where the last event necessary to make an actor liable for the alleged tort takes place." *Id.* (quoting *Velten*, 985 F.2d at 1521). "[T]he application of

another jurisdiction's laws is limited to its statutes and decisions construing those statutes"; thus, "[w]hen no statute is involved, Georgia courts apply the common law as developed in Georgia rather than foreign case law." *Id.* at 677 (citing *Frank Briscoe Co., v. Ga. Sprinkler Co., Inc.*, 713 F.2d 1500, 1503 (11th Cir. 1983)); *see also Elder*, 563 F. Supp. 3d at 1230–31. Because Plaintiff was injured while in the restroom at the Harley Davidson dealership in Fort Worth, Texas, the Court must determine whether Texas law or Georgia law applies to each of the tort claims at issue. (*See* Doc. 1 ¶ 17).

### A. Strict Liability – Design Defect (Count V)

Defendants assert that a Texas statute—Tex. Civ. Prac. & Rem. Code Ann. § 82.005—governs Plaintiff's strict liability design defect claim. (Doc. 10-1 at 5). Section 82.005 is titled "Design Defects" and states in pertinent part:

> (a) In a products liability action in which a claimant alleges a design defect, the burden is on the claimant to prove by a preponderance of the evidence that:
>
> > (1) there was a safer alternative design; and
> >
> > (2) the defect was a producing cause of the personal injury, property damage, or death for which the claimant seeks recovery.

Tex. Civ. Prac. & Rem. Code Ann. § 82.005. As there is an applicable Texas statute governing design defect claims, Georgia's choice of law principles provide that Texas law should apply to Plaintiff's strict liability design defect claim. *See In re Tri-State Crematory Litig.*, 215 F.R.D. at 679.

Defendants argue that the Complaint fails to allege that there was a safer alternative design as required by Texas law. (Doc. 10-1 at 5–6). Plaintiff does not address Defendants' argument in his Response. (*See* Doc. 16; Doc. 17 at 2). Thus, Plaintiff has abandoned his strict liability design defect claim. *See Moore v. Camden Prop. Tr.*, No. 1:17-CV-01655-ELR, 2019 WL 11441431, at *3 (N.D. Ga. Mar. 26, 2019) (collecting cases for the proposition that "when an argument is raised that a claim is subject to dismissal, and the [nonmoving] party fails to respond to such an argument, such claims are deemed abandoned"), *aff'd*, 816 F. App'x 324 (11th Cir. 2020); *see also White v. GA Dep't of*

*Motor Vehicle Safety*, No. 1:06-CV-0124-TWT, 2006 WL 1466254, at *1 (N.D. Ga. May 19, 2006) (finding claims abandoned where the plaintiff did not respond to the defendant's motion to dismiss).

Even if Plaintiff had not abandoned his claim, in failing to allege that there was a safer alternative design, Plaintiff has failed adequately to plead a design defect claim under Texas law. To plead a "safer alternative design," a plaintiff must allege the existence of:

> . . . a product design other than the one actually used that in reasonable probability:
>
>> (1) would have prevented or significantly reduced the risk of the claimant's personal injury . . . without substantially impairing the product's utility; and
>>
>> (2) was economically and technologically feasible at the time the product left the control of the manufacture or seller by the application of existing or reasonably achievable scientific knowledge.

Tex. Civ. Prac. & Rem. Code Ann. § 82.005(b); *see Rodriguez v. Gilead Scis., Inc.*, No. 2:14-CV-324, 2015 WL 236621, at *3 (S.D. Tex. Jan. 16, 2015) ("conclusory allegations . . . [that] address global dangerousness, poor quality, or marketing issues" do not suffice to satisfy the *Twombly* standard). As Plaintiff has not alleged facts sufficient to identify a safer alternative design, he failed to state a strict liability design defect claim.

## B. Negligent Misrepresentation (Count VII)

Plaintiff argues that Texas statutorily recognizes negligent misrepresentation claims in products liability actions, citing Tex. Civ. Prac. & Rem. Code Ann. § 82.001. (Doc. 16 at 3–4). Section 82.001 defines a products liability action as "any action against a manufacturer or seller for recovery of damages arising out of personal injury . . . caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories[;]" but it does not list *negligent misrepresentation* as a specific cause of action nor has Plaintiff cited to a "specific provision[] of th[is] statute[] . . . or clarif[ied] how . . . the[] statute[] appl[ies]." *Elder*, 563 F. Supp. 3d at 1232.

Texas has not enacted a statute governing negligent misrepresentation claims, rather, it has "embraced the Restatement approach[.]" *Grant Thornton LLP v. Prospect High Income Fund*, 314 S.W.3d 913, 920 (Tex. 2010) (citations omitted); *see generally McCamish, Martin, Brown & Loeffler v. F.E. Appling Ints.*, 991 S.W.2d 787, 791 (Tex. 1999) (defining a negligent misrepresentation cause of action under section 552 of the Restatement (Second) of Torts). Accordingly, "the Court must apply Georgia law, unless the application of Georgia law would be inconsistent with due process[.]" *See In re Tri-State Crematory Litig.*, 215 F.R.D. at 679 (citations omitted). "The State of Georgia 'must have a significant contact or significant aggregation of contacts to the claims. . . , contacts creating state interests, in order to ensure that the choice of [Georgia] law is not arbitrary or unfair.'" *Id.* (alteration in original) (quoting *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821–22 (1985)). Here, application of Georgia law to Plaintiff's claims would not be inconsistent with due process as Plaintiff's claims all relate to the manufacture and production of the subject pistol which occurred in Bainbridge, Georgia. (*See* Doc. 1 ¶ 2).

To state a claim for negligent misrepresentation under Georgia law, a plaintiff must allege facts which demonstrate that (1) the defendant negligently supplied false information to foreseeable persons, known or unknown; (2) reliance on that information was reasonable; and (3) injury resulted from that reliance. *Next Century Commc'ns Corp. v. Ellis*, 318 F.3d 1023, 1030 (11th Cir. 2003) (citing *Hardaway Co. v. Parsons, Brinckerhoff, Quade & Douglas, Inc.*, 479 S.E.2d 727, 729 (Ga. 1997)). Moreover, Federal Rule of Civil Procedure 9(b)'s heightened pleading standard applies to Plaintiff's negligent misrepresentation claim. *See Inman v. Am. Paramount Fin.*, 517 F. App'x 744, 748 (11th Cir. 2013) (applying Rule 9(b) to fraudulent and negligent misrepresentation claims). Rule 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To plead a negligent misrepresentation claim with sufficient particularity, Plaintiff must identify (1) "precisely what statements were made in what documents or oral representations[;]" (2) "the time and place of each statement and the person responsible[;]" (3) "the content of such statements and the manner in which they misled the plaintiff[;]" (4) "what the defendants obtained as

a consequence[.]" *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997) (internal quotation marks and citations omitted). "In a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations 'lumping' multiple defendants together are insufficient." *W. Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, 287 F. App'x 81, 86 (11th Cir. 2008) (quoting *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1317 (11th Cir. 2007)) (other citation omitted).

Defendants contend that Plaintiff has not satisfied the requirements of Rule 9(b) because (1) he never "expressly alleges that he read or heard any particular warnings, instructions, manual, warranty information, or advertisements in connection with the Subject Pistol[,]" and (2) "the specific statements Plaintiff alleges that he relied upon" are not from the Instruction Manual and Limited Warranty for the Subject Pistol. (Doc. 10-1 at 8–9). At this stage of the litigation, the Court accepts as true the facts as alleged in the Complaint. As to the first element of the negligent misrepresentation claim, Plaintiff alleges that the following representations are made in the Taurus manual: (1) that the firearm came equipped with a safety device; (2) that the pistol was manufactured to perform properly; (3) that the Trigger Safety device was designed to preclude backward movement; (4) that the Firing Pin Block was designed to prevent the firing pin from moving forward; (5) that the Firing Pin Block was designed to prevent an accidental discharge should the firearm be dropped; and (6) that the firearm was carefully inspected and test-fired before shipment. (Doc. 1 ¶ 55). Plaintiff also alleges that the Limited Warranty represents that the "[h]andguns manufactured by Taurus are warranted to be free from defects in material and workmanship." (*Id.* ¶ 56 (alteration in original)). Plaintiff further alleges that "[t]hese statements by the [Defendants] concerned material facts that they believed to be true but which were, in fact, false." (*Id.* ¶ 57). As to the second element, Plaintiff alleges that he "justifiably relied on the false statements by purchasing, retaining, repairing, carrying, and using the subject pistol." (*Id.* ¶ 58). As to the third element, Plaintiff alleges that "Defendants' negligent misrepresentations were the proximate cause of [Plaintiff's] injuries." (*Id.* ¶ 59). These allegations satisfy the heightened pleading standard as Plaintiff

has identified specific statements allegedly included in the Taurus Manual upon which he relied when he used the subject pistol.

Furthermore, as discussed above, Plaintiff appropriately alleges that "Defendants are so intertwined contractually for each other's liabilities that they are essentially one entity regarding the allegations in [the] Complaint." (*Id.* ¶ 3). Thus, as Plaintiff has met the heightened pleading standard and as the Complaint does not improperly lump Defendants together, Plaintiff sufficiently has stated a claim for negligent misrepresentation under Georgia law.

## III. Vicarious Liability, Combining and Concurring Conduct (Counts VIII–X)

Defendants argue that the vicarious liability counts, Counts VIII through X, and "the unnumbered Combining and Concurring Conduct count" should be dismissed with prejudice as they "are not independent causes of action but remedies or procedural means of allowing liability on a substantive claim." (Doc. 10-1 at 13 (citation omitted)). The Georgia Supreme Court recognizes vicarious liability as an independent claim. In *Atlanta Women's Specialists, LLC v. Trabue*, Count I was titled "Claim for Vicarious or Imputed Liability as to Defendant AWS[,]" and sought to hold Defendant Atlanta Women's Specialists "liab[le] for injuries and harm proximately caused by [its agents'] wrongful acts or omissions." 850 S.E.2d 748, 753 (Ga. 2020). The Georgia Supreme Court considered the following question: "Did the Court of Appeals err in holding that the plaintiffs in this medical malpractice action sufficiently pled a claim for vicarious liability against defendant Atlanta Women's Specialists, LLC []" and held that

> The concept of notice pleading applies fully to claims for vicarious liability. In the context of a medical malpractice action, a complaint sufficiently pleads a claim for vicarious liability against a medical practice by alleging that the practice is "vicariously liable for the negligence of the 'physicians that attended [the patient]' and that 'the treating physicians were actual and/or ostensible agents or otherwise servants and/or employees of'" the practice.

*Id.* at 750–52 (quoting *Oller v. Rockdale Hosp., LLC*, 804 S.E.2d 166, 168 (Ga. Ct. App. 2017). Thus, as the Georgia Supreme Court has recognized vicarious liability as a separate

claim, Plaintiff has not failed to state a claim and dismissal of these claims is not warranted. *See Tucker v. Wellpath, LLC*, No. 5:24-CV-215 (CAR), 2025 WL 104323, at *5–6 (M.D. Ga. Jan. 15, 2025).

## CONCLUSION

Plaintiff's strict liability design defect claim (Count V) is **DISMISSED with prejudice**. Plaintiff may proceed with the remaining claims. Accordingly, Defendants' Motion to Dismiss (Doc. 10) is **GRANTED in part and DENIED in part.**

**SO ORDERED**, this 3rd day of September, 2025.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**