**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ALBANY DIVISION**

| | | |
|---|---|---|
| JOSE RAUL BRIONES, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:24-CV-00082 (LAG) |
| | ) | |
| TAURUS INTERNATIONAL | ) | |
| MANUFACTURING, INC., | ) | |
| TAURUS HOLDINGS, INC.; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**STIPULATED PROTECTIVE ORDER**

Disclosure and discovery activity in this lawsuit are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this lawsuit may be warranted. Accordingly, the parties in this case (each a "Party") hereby agree and stipulate to the following Protective Order.

The purpose of this Protective Order is to protect discovery material that is confidential or privileged and facilitate the prompt resolution of disputes over confidentiality and privilege, pursuant to the Court's inherent authority, its authority under Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502(d), and the judicial opinions interpreting such Rules. The protections conferred by this Protective Order cover not only Confidential Information (as defined herein), but also (1) any information copied or extracted from Confidential Information; (2) all copies, excerpts, summaries, or compilations of Confidential Information; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Information.

1

**1. "Information" and "Confidential Information."**

 **1.1 Information.** "Information" includes the contents of documents and other data, any data and information derived from or associated with documents (whether physical or in electronic format), oral and written testimony, answers to interrogatories, admissions, and data and information derived from objects other than documents, produced or disclosed in these proceedings by any Party named in the lawsuit or by any third-party (the "Producing Party") to any other Party or Parties (the "Receiving Party").

 **1.2 Determination of Information as "Confidential Information."** Any Producing Party may designate Information as "Confidential Information" (also called Information designated as "CONFIDENTIAL") when that Producing Party reasonably believes that the Information constitutes, reflects, discloses, or contains any of the following: (a) any Information subject to protection under Federal Rule of Civil Procedure 26(c) or confidential technical, proprietary, commercial, personal or financial information, including but not limited to information containing competitively sensitive information regarding trade secrets, product designs or strategies, testing, research-and-development information, technical, marketing, business plans, sales and cost information, pricing information, production schedules, contracts, commercial or financial information, or other sensitive information, the disclosure of which to third-party competitors may result in commercial harm; (b) any Information protected by federal, state, or foreign data protection laws or other privacy obligations; or (c) any Information controlled or governed by U.S. federal firearms regulations, such as: (i) the International Traffic in Arms Regulation; (ii) the Arms Export Control Act; (iii) the Export Administration Regulations; and (iv) any similar regulations restricting or otherwise governing the import or export of information or data related to firearms and associated technology.

**2. Procedure for Confidentiality Designations.**

2.1.    Information that meets any of the above qualifications may be designated by a Party or Non-Party as "Confidential Information" or "CONFIDENTIAL" according to the following provisions. A Producing Party (i.e., a Party or Non-Party) or a Party that designates Information as "Confidential Information" according to this Protective Order is referred to herein as the "Designating Party."

2.2.    A Producing Party may designate a document as Confidential Information for protection under this Protective Order by placing or affixing the word "CONFIDENTIAL" to each page, an entire document, or family of documents that contains Confidential Information and on all copies in a manner that will not interfere with the legibility of the document. For documents produced in native format, the Producing Party must identify in written correspondence the electronically stored information designated as CONFIDENTIAL; to the extent technologically feasible, the Producing Party must include the word "CONFIDENTIAL" in the native file name, on the media containing the Confidential Information (e.g., CD-ROM), and on a Bates-numbered slip sheet produced with the native file. For information produced in some form other than documentary and for any other tangible items, the Producing Party may designate the item as containing Confidential Information by affixing the legend "CONFIDENTIAL" in a prominent place on the exterior of the container or containers in which the information is stored.

As used in this Protective Order, "copies" includes electronic images, duplicates, compilations, extracts, summaries, or descriptions that contain or capture the Confidential Information. The marking "CONFIDENTIAL" shall be applied by a Producing Party prior to or at the time the documents are produced or disclosed. Any copies that are made of any documents marked "CONFIDENTIAL" shall also be so marked, except that indices, electronic databases, or

lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

2.3.    Deposition or other testimony may be designated as Confidential Information by any one or more of the following means: (i) by stating orally on the record that the information is Confidential Information under the Protective Order; (ii) by sending written notice to all Parties of the specific page and line designations over which the "CONFIDENTIAL" designation is claimed, within 30 days after receipt of a copy of the transcript from the court reporter; or (iii) by stamping or writing the legend CONFIDENTIAL on the relevant pages or portions of the transcript at or before the signing of the deposition transcript by the witness. All information disclosed during a deposition shall be deemed to have been designated as Confidential Information until the expiration of the later of the time within which the witness may sign the transcript, whether or not any portion of the transcript has been designated previously, or ten days after receipt of a copy of the deposition transcript from the court reporter. When notified to do so, persons attending depositions, other than the witness and the witness's counsel (provided that the witness and his/her counsel have signed the agreement attached as Exhibit A), must leave the room before any discussion of any Confidential Information, or any excerpts, summaries, or information derived therefrom, that the person attending the deposition is not entitled to review or receive under this Protective Order.

2.4.    A Producing Party that makes original documents or materials available for inspection may designate them as Confidential Information prior to the inspection. Alternatively, the Producing Party making such materials available may designate the materials after the inspecting Party has indicated which material it would like copied and produced. In that event,

during the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents that it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Protective Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page or item that contains Confidential Information, or must send written notice to all Parties of the specific materials and documents over which the "CONFIDENTIAL" designation is claimed.

2.5.    A Party may redact from the documents and things it produces information that the Party claims is subject to attorney-client privilege, work-product protection, a legal prohibition against disclosure, or any other privilege or immunity. Any Party may also redact from the documents and things it produces irrelevant and nonresponsive information that is competitively sensitive (including but not limited to proprietary financial information, marketing/business plans, and research-and-development information about products or components unrelated to this case). The Party shall mark each document or thing where matter has been redacted with a legend providing notice of the basis for redaction. Where a document consists of more than one page, each page on which Information has been redacted shall be so marked. The Party shall preserve an unredacted version of each such document. The process for challenging the designation of redactions shall be the same as the process for challenging the designation of Confidential Information set forth below. If counsel for the Party redacting commercially sensitive and irrelevant Information agrees that Information initially redacted should not be subject to redaction, or if the Court orders that those materials shall not be subject to redaction or shall receive alternative treatment, and the redacted Information is subsequently produced in unredacted form,

5

then that unredacted Information may bear the legend "CONFIDENTIAL" and receive the protection afforded to documents bearing that designation, unless otherwise ordered by the Court.

**2.6**.    Failure by a Party to designate qualified Confidential Information or items as such does not, standing alone, waive that Party's right to secure protection under this Protective Order for such Information. In the event that Confidential Information is inadvertently disclosed without a marking or designation of it as such, the Producing Party may thereafter assert a claim or designation of confidentiality by identifying the Information that was not correctly designated, such as providing the Bates numbers of such Information or the portions of testimony.   For document productions, the Producing Party shall promptly provide replacement media bearing the required designations. Upon receipt of the replacement media, the Receiving Party shall make no use of the copies of the Confidential Information originally produced without the required designations.

**2.7.    Designation of Information Produced by a Third-Party.** Prior to or at the time of disclosure, a third-party may designate Information as Confidential Information according to the procedures above. With respect to any Information (including documents, testimony, or other material) that is produced or disclosed by any third-party without a designation of "CONFIDENTIAL," any Party may designate any undesignated Information disclosed by a third-party by written notice to all Parties within twenty-one days of the Party's receipt of the third-party's disclosure, or such other time as may be agreed upon by the Parties. In such written notice, the Designating Party shall either provide the Bates number(s) or other unique identifiers of the material in the written notice or provide a copy of the designated material bearing the appropriate legend. For deposition testimony, such written notice shall comply with the provisions in Section 2.3 above. Upon notice of designation pursuant to this Paragraph, the Parties shall: (i) make no

further disclosure of such designated material or information contained therein, except as allowed under this Protective Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated material of the terms of this Protective Order; and (iii) take reasonable steps to reclaim any such designated material in the possession of any person not permitted access to such Information under the terms of this Protective Order. No Party shall be deemed to have violated this Protective Order for the sole reason that such material has been disclosed or used in a manner inconsistent with the subsequent designation, prior to notification of the subsequent designation.

2.8.    Any Party may object to the propriety of the designation of specific material as Confidential Information (the "Challenging Party") by serving a written objection upon the Designating Party's counsel specifying the documents or things that it challenges, by Bates Number, and separately explaining the basis for the specific challenge for each document or thing designated. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this Protective Order. The Designating Party or its counsel shall thereafter, within fifteen days, respond to such objection in writing by either of the following: (i) agreeing to remove the designation; or (ii) stating the reasons for such designation. Counsel may agree to a reasonable extension of the fifteen-day period, if necessary. If the Challenging Party and the Designating Party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) in issue, the Challenging Party may move the Court for an order withdrawing the designation as to the specific Information on which the Parties could not agree. On such a motion, the Designating Party shall have the burden of proving that "good cause" exists for the designation at issue and that the material is entitled to protection under this Protective Order. All Information designated as Confidential

Information shall be deemed to be subject to this Protective Order and continue to be treated in the manner as designated by the Designating Party unless and until the Court has ruled to the contrary. Each Party and third-party shall bear its own fees and costs related to any challenges of confidentiality designations under this Protective Order.

2.9.    To expedite production of potentially voluminous materials, a Producing Party may, but is not required to, produce materials without a detailed confidentiality review. In so doing, the Producing Party may designate those collections of documents that by their nature would ordinarily contain Confidential Information with the appropriate designation notwithstanding that some of the documents within the collection may not qualify for such designation. The materials that may be so designated shall be limited to the types or categories of documents that the Producing Party reasonably believes may contain Confidential Information.

**3. Restrictions on Use of and Access to Confidential Information.**

3.1    **Restriction on Use of Confidential Information.** Confidential Information cannot be used or shown, disseminated, copied, or in any way communicated to any person for any purpose whatsoever other than for prosecuting, defending, or attempting to settle this lawsuit, *Michael T. Shelton v. Taurus International Manufacturing, Inc.*, Civil Action No. 1:23-cv-00214-LAG (M.D. Ga.), and only in compliance with this Protective Order. Use of Confidential Information in any other litigation or for any other purpose is expressly prohibited. Counsel for the Parties to whom Confidential Information has been furnished shall be responsible for restricting disclosure in accordance with the provisions of this Protective Order. Confidential Information must be stored and maintained in a secure manner in order to limit access to the persons authorized under this Protective Order. Receiving Parties will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the

8

privacy, integrity, and confidentiality of any Confidential Information, and to prevent unpermitted use or disclosure of any Confidential Information they may receive from any person in connection with this case. Receiving Parties shall not under any circumstance sell, offer for sale, advertise, or publicize the Confidential Information or the fact that such persons have obtained a Producing Party's or Designating Party's Confidential Information.

**3.2.    Access to Confidential Information.**  Counsel for the Parties to whom Confidential Information has been furnished will be responsible for restricting disclosure in accordance with the provisions of this Protective Order. Confidential Information may not be disclosed to absent members of a putative or certified class who have not intervened or otherwise appeared in this lawsuit. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose information designated as CONFIDENTIAL only to the following persons:

a)    The Court and its staff;

b)    The counsel charged with the responsibility for, or actively engaged in, preparation for trial or the trial of this lawsuit, or an appellate proceeding or settlement arising from this case, and the direct staff of those lawyers, provided that these individuals first sign the agreement that is attached as Exhibit A;

c)    The Parties named in this lawsuit, and the Parties' officers, directors, employees, former employees, and in-house lawyers engaged in assisting the Parties' counsel in the conduct of this case, to the extent deemed reasonably necessary by counsel of record;

9

d)   Defendants' insurers and its insurers' employees who have signed the agreement attached as Exhibit A;

e)   Court reporters (including audio and video), interpreters, translators, copy services, graphic support services, document imaging services, and e-discovery, database or coding services retained by counsel for purposes of this case, provided that these individuals or an appropriate company official with authority to do so on behalf of the company executes the agreement that is attached as Exhibit A;

f)   Individual experts and/or individual consultants retained or employed to advise or assist counsel for the Receiving Party in prosecuting or defending claims in this case, to whom disclosure is reasonably necessary for this lawsuit and provided that these individuals first sign the agreement attached as Exhibit A;

g)   Mediators and their employees who are actively engaged in assisting the mediators in connection with this case and who have signed the agreement attached as Exhibit A;

h)   Any witness during their deposition or testimony at trial or any hearing, provided that counsel for the Party intending to disclose the Confidential Information has a good-faith basis for believing that it is relevant to events, transactions, discussions, communications or data about which the witness is expected to testify or about which the witness may have knowledge. Witnesses shall not retain a copy of documents containing Confidential

Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts; and

i) The author or recipient of a document containing the Confidential Information or a custodian who otherwise possessed the Confidential Information.

**3.3. Restrictions on a Receiving Party's Use of Artificial Intelligence.** To ensure the protection of confidentiality, privacy, and the integrity of all Confidential Information produced in this lawsuit, the Receiving Party shall not input, upload, transcribe, or otherwise use any Confidential Information produced in this matter in any Artificial Intelligence/AI or "GenAI" platforms, applications, or services. This includes the prohibition to input, upload, transcribe, or otherwise use any publicly accessible generative language models, or software platforms that incorporate generative language models.

**3.4. Filings.** A Receiving Party may not file in the public record any Confidential Information without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons. Unless otherwise agreed to by the Designating Party or ordered by the Court, all pleadings, motions, memoranda, briefs, deposition transcripts, discovery requests and responses, exhibits, and other documents that produce, quote, paraphrase, summarize, or otherwise contain information from Confidential Information, if filed with the Court, shall either be redacted from the Court filing or filed under seal pursuant to the agreements in this Protective Order and the rules governing sealed documents, as set forth in the applicable Local Rules.

**3.5. Hearings**. In the event that a Receiving Party intends to utilize Confidential Information during a pre-trial hearing, such Receiving Party shall provide written notice no less

11

than five days prior to the hearing, to the Producing Party and to the Court, except that shorter notice may be provided if the Receiving Party could not reasonably anticipate the need to use the document at the hearing five days in advance, in which event notice shall be given immediately upon identification of that need. The use of such Confidential Information during the pre-trial hearing shall be determined by agreement of the Parties or by order of the Court. Confidential Information will retain its confidential status even if used at hearings.

**3.6.    Material Subpoenaed or Ordered Produced in Other Litigation.** If a Party receives a discovery request, subpoena, or order issued in other litigation that seeks or otherwise orders production of Confidential Information that has been designated under the terms of this Protective Order, the Party or other person to whom the request, subpoena, or order or other process is directed must:

(a) notify all counsel of record for the Designating Party in writing by email and overnight delivery within five days of receipt of the discovery request, subpoena, or order. Such notification shall include a copy of the discovery request, subpoena, or order. Such notification shall also include: (i) the discovery materials that are requested for production; (ii) the date by which compliance is requested; (iii) the location at which compliance is requested; (iv) the identity of the party serving the subpoena or request; and (v) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or other designation identifying the relevant action, administrative proceeding, or other proceeding in which the discovery request, subpoena, or other process has been issued.

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential Information may be affected.

The Party or person subject to such discovery request or subpoena shall not produce or disclose the Confidential Information unless the Designating Party consents in writing or a court of competent jurisdiction orders the production.

**3.7. Unauthorized Disclosure.** If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Producing Party (and if a different entity, the Designating Party) of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the agreement attached as Exhibit A.

**4. Miscellaneous.**

**4.1.** Nothing in this Protective Order prevents a Party or third-party from disclosing its own documents and information as it sees fit. Any use or discussion of Confidential Information shall not be deemed to be a waiver of any designation under this Protective Order or the terms of this Protective Order.

**4.2.** The use of Confidential Information during the trial shall be determined by order of the Court. Confidential Information will retain its confidential status even if used at trial.

**4.3.** No provision in this Protective Order shall be construed as requiring the production or disclosure of any documents or information. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any

information on any ground not addressed in this Protective Order. Nothing in this Protective Order or done by a Party pursuant to this Protective Order shall preclude the Parties from raising any available objection or seeking any available protection with respect to any Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials, and privilege.

**4.4.**    This Protective Order may be modified or amended either by written agreement of the Parties submitted to the Court for approval or by Order of the Court upon good cause shown.

## 5. Federal Rule of Evidence 502(d) and Clawback Agreement.

**5.1**    Pursuant to Federal Rules of Evidence 502(d) and (e), the Parties agree to and the Court orders protection of privileged and otherwise protected Information against claims of waiver (including as against third-parties and in other federal and state proceedings) as follows:

**5.1**    **No Waiver by Disclosure.**

(a)    If a Party discloses Information in connection with this lawsuit that the Party thereafter claims to be privileged or protected by the attorney-client privilege and/or work-product doctrine ("Disclosed Protected Information"), the disclosure of the Disclosed Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection that the Producing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter in this lawsuit or in any other federal or state proceeding.

(b)    This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). The Parties intend that this Protective Order shall displace the provisions of Federal Rules of Evidence 502(b)(l) and (2). That is, all disclosures

14

during discovery in this case shall be regarded as "inadvertent," and the Parties are hereby deemed to have taken "reasonable steps to prevent disclosure."

(c)    A Party may assert in writing attorney-client privilege or work-product protection with respect to Disclosed Protected Information. The Receiving Party must – unless it contests the claim of attorney-client privilege or work product protection in accordance with sub-paragraph (c) below – within five business days of receipt of that writing, (i) return or destroy all copies of the Disclosed Protected Information (including destroying all notes, abstracts or compilations of the content thereof), and (ii) provide a certification of counsel that all of the Disclosed Protected Information has been returned or destroyed.

(d)    If the Receiving Party contests the claim of attorney-client privilege or work-product protection, the Receiving Party must—within fifteen days of receipt of the claim of privilege or protection—move the Court for an order compelling disclosure of the Disclosed Protected Information (a "Disclosure Motion"). The Receiving Party must seek to file the Disclosure Motion under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure, and may not disclose, rely on or refer to any of the Disclosed Protected Information. Pending resolution of the Disclosure Motion, the Receiving Party must sequester the Disclosed Protected Information and not use the Disclosed Protected Information or disclose it to any person other than as required by law.

(e) The Parties may stipulate to extend the time periods set forth in sub-paragraphs (c) and (d).

(f) Disclosed Protected Information that is sought to be reclaimed by the Parties to this lawsuit pursuant to this Protective Order shall not be used as grounds by any Party or third-party

15

to argue that any waiver of privilege or protection has occurred by virtue of any production in this lawsuit.

(g) The Producing Party that produced the Disclosed Protected Information retains the burden of establishing the privileged or protected nature of the Disclosed Protected Information.

(h) If the Court sustains the claim that the material disclosed, exchanged, produced, or discussed is Privileged Material, the Receiving Party must, within ten days of the Court's order, promptly return and/or destroy the material (including destroying all notes, abstracts or compilations of the content thereof) and all the privileged or work-product material. The Receiving Party shall advise the Producing Party in writing of the return and/or destruction.

Nothing contained herein is intended to limit a Party's right to conduct a review of documents, data (including electronically stored information), and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another Party. The Parties expressly acknowledge that each Producing Party shall have the right, at its sole discretion, to review documents for responsiveness and privilege, prior to production.

**5.2.**    If a Receiving Party becomes aware of any Disclosed Protected Information from another Producing Party is or may be reasonably subject to the attorney-client privilege or work-product doctrine, then counsel for the Receiving Party shall immediately (i) cease any further review or use of that document or material, and (ii) notify the Producing Party of the apparent production of Disclosed Protected Information, requesting whether the documents or materials are Disclosed Protected Information.  If the Producing Party intends to assert a claim of privilege or other protection over Information identified by the Receiving Party as Disclosed Protected Information, the Producing Party will, within ten days of receiving the Receiving Party's written

notification described above, inform the Receiving Party of such intention in writing and within a reasonable time thereafter provide the Receiving Party with information for such Disclosed Protected Information that is consistent with the requirements of the Federal Rules of Civil Procedure or any applicable order of the Court governing privilege logs in this matter, setting forth the basis for the claim of privilege or other protection.

In the event the Producing Party confirms the documents or material are Disclosed Protected Information, the Receiving Party shall (i) promptly return or destroy all copies of the Disclosed Protected Information in its possession, and (ii) take reasonable steps to retrieve all copies of the Disclosed Protected Information distributed to others. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed privileged information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the privileged information, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (4) request such person or persons to execute an agreement in the form attached hereto as Exhibit A.

**6. Privilege Log Production.**

**6.1**    Unless otherwise provided in this Protective Order, any document falling within the scope of any request for production or subpoena that is withheld on the basis of a claim of attorney-client privilege, work product, or any other claim of privilege or immunity from discovery is to be identified by the Producing Party on a privilege log, which the Producing Party shall produce within sixty days of the production of underlying documents. For administrative purposes, an e-mail thread contained within a single document need only be recorded once on the Producing Party's privilege log, even if a privilege is asserted over multiple portions of the thread. Redacted

documents need not be logged, provided that: (a) for emails, the bibliographic information (i.e. to, from, cc, bcc, recipients, date and time) is not redacted, and the reason for the redaction is noted on the face of the document; and (b) for non- email documents, the reason for the redaction is noted on the face of the document. Documents that are redacted shall be identified as such in the accompanying data load file, such as in a "redaction" field.

6.2.    Privilege log identification is not required for work product created by counsel, or by an agent of counsel other than a Party, after December 8, 2023, or for post-December 8, 2023, communications exchanged between or among the Producing Party and its counsel. Privilege log identification is also not required for (i) communications between a Producing Party and its counsel of record in proceedings other than those communications related to the above-captioned lawsuit; (ii) work product created by a Producing Party's counsel, or by an agent or contractor of counsel other than the Producing Party, in proceedings other than the above-captioned lawsuit; (iii) internal communications within a law firm representing a Producing Party or a legal department of a Producing Party that is a corporation or other legal organization.

6.3.    To avoid unnecessary cost, the Parties are encouraged to identify categories of privileged Information that may be logged categorically rather than document-by-document. See Advisory Committee Note to Fed. R. Civ. P. 26(b)(5) (1993). The Parties shall meet and confer on this issue. The Parties will keep in mind the need to minimize the cost and resources devoted to privilege logging, while enabling the Court and Receiving Party to assess the assertions of privilege made by the Producing Party. The Parties may agree on documents that the Parties may log by category, and/or the Parties may raise with the Court proposals for categorical privilege logging.

**7. Final Disposition.**

Unless otherwise agreed to in writing by the Producing Party and Designating Party, within sixty days after the final termination of this case (including any appeals), each Receiving Party and its employees, attorneys, consultants, and experts must (at the Receiving Party's election) destroy or return all originals and/or copies of documents in any format that contain, reproduce, or capture Confidential Information. Whether the documents containing Confidential Information are returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that certifies that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any Confidential Information. Notwithstanding this provision, counsel of record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Protective Order.

This Protective Order shall survive the termination of the lawsuit.

SO ORDERED this 11th day of ___February_____, 2026.

/s/ Leslie A. Gardner_____
Hon. Leslie A. Gardner, Chief Judge
United States District Court

19

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| JOSE RAUL BRIONES, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:24-CV-00082 (LAG) |
| ) | |
| TAURUS INTERNATIONAL ) | |
| MANUFACTURING, INC., ) | |
| TAURUS HOLDINGS, INC.; ) | |
| ) | |
| Defendants. ) | |
| ) | |

**EXHIBIT A
<u>ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND</u>**

I , _____ [print or type full name], of _____

_____[print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order (the "Protective Order") that was issued by the United States District Court for the

Middle District of Georgia in the above-captioned case. I agree to comply with and to be bound by

all the terms of the Protective Order. I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I agree that I will not disclose in

any manner any information or item that is subject to the Protective Order to any person or entity

except in strict compliance with the provisions of this Protective Order. And I agree not to use any

information designated as Confidential Information that was disclosed to me pursuant to the

Protective Order, except for purposes of the above-captioned litigation.

I further agree to submit to the jurisdiction of the United States District Court for the Middle

District of Georgia for the purpose of enforcing the terms of the Protective Order. I agree to

20

accept service of process in connection with this action or any proceedings related to enforcement of the Stipulated Protective Order by certified letter, return receipt requested, at my principal residence, in lieu of personal service or other methods of service.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

21